# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:09-cr-194 |
| | § | Judge Crone |
| JAIME GONZALO CASTIBLANCO | § | |
| CABALCANTE (9) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendant's Motion to Dismiss Indictment (Dkt. #286) and Motion for Severance (Dkt. #287), and having considered the motions, and the response thereto, the Court is of the opinion that the motions should be denied.

### BACKGROUND

On October 15, 2009, Defendant was indicted in a two-count indictment. Count One charges Defendant with conspiracy to import five kilograms or more of cocaine and to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 963. Count Two charges Defendant with manufacturing and distributing five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United Sates, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

On February 3, 2010, this case was transferred from Judge Marcia A. Crone to Judge Michael H. Schneider (Dkt. #56). On April 18, 2011, Defendant filed his motion to dismiss the indictment and motion to sever (Dkt. #286, #287). On May 16, 2011, the United States filed a response (Dkt. #320). On June 14, 2011, the United States filed an amended response (Dkt. #336). On July 25, 2011, this case was transferred back to Judge Crone (#370). On August 18, 2011, Judge Crone

referred the motion to dismiss and motion to sever to the undersigned for consideration and a determination or recommended disposition (Dkt. #374).

**Motion to Sever**

Defendant asserts that the Government joined in a single conspiracy a combination of defendants and charges that it could not encompass within a single conspiratorial agreement. Defendant argues that it is apparent on the face of the Indictment that there was no single conspiracy, but rather four separate and distinct conspiracies. Therefore, Defendant requests that he be severed from the case.

Rule 8(a) permits the joinder of offenses that are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or part of a common scheme or plan. FED. R. CRIM. P. 8(a); *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006). Additionally, Rule 8(b) permits defendants to be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b).

"As a general rule, persons indicted together should be tried together, particularly when the offense is conspiracy." *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004) (citing *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)); *accord Zafiro v. United States*, 506 U.S. 534, 536 (1993); *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007) (citing *United States v. Rocha*, 916 F.2d 219, 227-28 (5th Cir. 1990)); *United States v. Valdez*, 453 F.3d 252, 261 (5th Cir.), *cert. denied*, 549 U.S. 976 (2006); *United States v. McGuire*, 608 F.2d 1028, 1031 (5th Cir. 1979), *cert. denied*, 444 U.S. 1092 (1980). "Joint trials 'play a vital role in the criminal justice system.'" *Zafiro,* 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Rule 14 of the Federal Rules of Criminal Procedure, however, provides that a trial court may order the severance

of defendants "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a); *Zafiro*, 506 U.S. at 535, 538; *United States v. Kane*, 887 F.2d 568, 571 (5th Cir. 1989). Nevertheless, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39, 541 (citing *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986)); *Opper v. United States*, 348 U.S. 84, 95 (1954); *accord United States v. Daniels*, 281 F.3d 168, 177 (5th Cir.), *cert. denied*, 535 U.S. 1105 (2002).

When considering a motion to sever, the district court "must balance the right of a defendant to a fair trial against the interests of judicial economy." *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979), *cert. denied*, 445 U.S. 966 (1980) (noting that the balancing process is within the discretion of the trial judge); *accord United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (citing *United States v. Lee*, 744 F.2d 1124, 1127 (5th Cir. 1984)); *United States v. Sudderth*, 681 F.2d 990, 996 (5th Cir. 1982)); *accord McGuire*, 608 F.2d at 1031. "Severance is proper 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir.), *cert. denied*, 552 U.S. 923 (2007) (quoting *Zafiro*, 506 U.S. at 539); *accord Nguyen*, 493 F.3d at 625; *United States v. Tarango*, 396 F.3d 666, 673-74 (5th Cir. 2005); *Daniels*, 281 F.3d at 177; *United States v. Causey*, 185 F.3d 407, 416 (5th Cir. 1999), *cert. denied*, 530 U.S. 1277 (2000). A defendant requesting severance bears "the difficult burden of proving that he will suffer the most compelling prejudice from continued joinder; a mere showing of some prejudice is insufficient." *Zicree*, 605 F.2d at 1388-89 (citing *United States v.*

3

*Perez*, 489 F.2d 51, 65 (5th Cir. 1973), *cert. denied*, 417 U.S. 945 (1974)); *see also United States v. Scott*, 795 F.2d 1245, 1250 (5th Cir. 1986).

The Government asserts that it will prove at trial that Defendant was actively involved in the conspiracy alleged in the Indictment, along with the remaining co-conspirators, making joinder proper. The Government also asserts that Defendant has failed to meet his burden of showing compelling prejudice or identifying a specific trial right that will be abridged. Finally, the Government argues that granting a severance would be a waste of judicial resources.

The Court agrees with the Government. In the Indictment, the Government alleges that the Defendants conspired with each other. The Court must accept the allegations contained in the Indictment. The Government will have to prove at trial the existence of a conspiracy. Furthermore, considerations of judicial efficiency weigh heavily in favor of the Government and against severance. Therefore, Defendant's motion for severance should be denied.

**Motion to Dismiss**

Defendant asserts that the Indictment should be dismissed based upon the following four reasons: (1) The Government's theory of prosecution fails to establish that Defendant knew or intended that the cocaine at issue in this case would be destined for distribution in the United States; (2) "Knowledge or intent" that the controlled substances at issue in this case would be "unlawfully imported into the United States" are essential elements in a section 959 prosecution; (3) The Indictment does not "descend to the particulars"; and (4) Count one should be dismissed upon misjoinder and violation of the multiple conspiracy doctrine.

Defendant first asserts that the Government fails to establish that Defendants' extraterritorial acts had, or were intended to have, any impact whatsoever upon the United States. Defendant

argues, to the contrary, that the Government simply speculates that since the majority of Colombian cocaine is destined for distribution in the United States, the cocaine at issue in the present case must have been intended for distribution in the United States. Defendant points out that the Government reaches this leap in logic without offering a single overt act demonstrating a nexus between Defendants' transport of cocaine from Colombia to various Central and South American nations and the United States. Defendant concedes that an indictment under section 959 is not subject to dismissal simply because all events in the conspiracy occurred outside the territorial limits of the United States, citing the Court to *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979).

The Government asserts that Defendant's argument that the Government's theory of prosecution fails to establish Defendant knew or intended that the cocaine at issue was destined for distribution in the United States is premature and moot. The Government argues that a motion to dismiss the Indictment based upon the evidence Defendant believes the Government has or will present at trial is untimely speculation. The Court agrees with the Government. Defendant is essentially making a premature motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). Rule 29(a) states that "...After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). Thus, Defendant's requested relief should be made during the trial, and this request to dismiss the Indictment should be denied as premature.

Defendant next asserts that the Indictment contains no specific averments demonstrating Defendant acted with the intent or knowledge to import cocaine into the United States, which are essential elements in a section 959 prosecution. Essentially, Defendant asserts that the Indictment

5

should be dismissed because essential elements were not included in the Indictment.

"The foundational requirement[ ] of the indictment or information is that it gives the defendant fair notice of the charges against him, which means in part that every element of the charged offenses must be stated." 1 Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice and Procedures* § 123 (4th ed. 2011). Each count must be evaluated separately. *Id.* The defendant is guaranteed by the Sixth Amendment "to be informed of the nature and cause of the accusation" against him. Wright & Miller, *supra*, § 125. An indictment has two purposes. First, it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Id.*; *see also United States v. Resendiz–Ponce*, 549 U.S. 102, 108 (2007). Second, the indictment "enables [a defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." Wright & Miller, *supra*, § 125. *See also Resendiz–Ponce*, 549 U.S. at 108. "[T]o be sufficient, an indictment must ... allege[ ] every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in a subsequent proceeding." *United States v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008).

To determine whether an indictment serves these purposes and is sufficient, the Court should consider the indictment in its entirety and be guided by common sense and practical considerations. *See* Wright & Miller, *supra*, § 125.. The indictment must allege every essential element of the offense charged, and the allegations must be direct rather than left to inference. *Id.*

In sum, "[a]n indictment adequately charges an offense if it (1) enumerates each prima facie element of the charged offense, (2) notifies the defendant of the charges filed against him, and (3) provides the defendant with a double jeopardy defense against future prosecutions." *United States*

*v. McBirney*, No. 3:04-CR-059-D, 2006 WL 2432675, at *8 (N.D. Tex. Aug. 21, 2006). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003); *United States v. Hagmann*, 950 F.2d 175, 183 (5th Cir. 1991).

Count two of the Indictment charges Defendant with a violation of 21 U.S.C. § 959. Count two alleges the following:

> That from in or about 2002, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the Republic of Colombia, the Republic of Mexico, the Eastern District of Texas and elsewhere,... Jaime Gonzalo Castiblanco Cabalcante (9) a.k.a. "Chalo" "Gonzalo"... did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that such cocaine would be unlawfully imported into the United States....

In this case, the Indictment does track the language of the statute. The Court finds that the Indictment is sufficient and the essential elements of section 959 are alleged.

Defendant next asserts that the Indictment does not "descend to the particulars." Defendant argues that the Indictment does not sufficiently apprise him of what he must be prepared to meet and enable him to prepare a defense. Defendant alleges that the importation allegations are so sparse that Defendant is not able to prepare a defense, and the Indictment does not undertake to describe a particular transaction or occurrence in which a controlled substance was imported into the United States by Defendants.

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." When applying this standard, common sense should prevail over technicalities. *See* Wright & Miller, *supra*, § 123. In each count, the indictment "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim P. 7(c)(1). "A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." *Id.* Rule 7(c)(1) "is designed to simplify indictments by eliminating unnecessary phraseology which needlessly burdened many indictments under the former practice." *United States v. Debrow*, 203 F.2d 699, 701–02 (5th Cir.), *rev'd on other grounds*, 346 U.S. 374 (1953).

"Rule 7 eliminates the necessity for the inclusion in an indictment of many of the technical and prolix averments which were required at common law [.]" *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). The question is whether the Indictment provides Defendant with sufficient information to enable him to prepare his defense and avoid surprise. *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991); *United States v. Howell*, 719 F.2d 1258, 1261 (5th Cir. 1983). In evaluating this question, the Court must examine whether the indictment is sufficient. An indictment is sufficient if it: contains the elements of the offense; fairly informs the defendant of the charges he must prepare to meet; and enables a defendant to plead an acquittal or a conviction in bar to future prosecutions for the same offense. *Moody, 923 F.2d at 351* (citations omitted).

After reviewing the Indictment, the Court finds that the Indictment gives Defendant sufficient notice of the charges against him and is sufficient.

Finally, Defendant moves to dismiss Count one of the Indictment based upon misjoinder and violation of the multiple conspiracy doctrine. Defendant asserts that the Government joined a single conspiracy in the Indictment when there are four separate and distinct drug trafficking organizations at play in this case. The Court addressed this issue in recommending denial of Defendant's motion for severance. Again, whether joinder is proper under Rule 8(b) is to be determined from the face of the indictment. *United States v. Grassi*, 616 F.2d 1295, 1302 (5th Cir. 1980). In responding to the motion to dismiss, the Government asserts that the evidence will show the Defendants participated in a series of transactions constituting the offenses alleged in Counts one and two of the Indictment, and a review of the Indictment demonstrates that joinder is proper. The Court agrees.

Defendant also asserts that the Indictment should be dismissed because it violates the "multiple conspiracy doctrine." The Government asserts that this argument is premature and moot. The Court agrees. This issue should be raised after the Government presents its evidence during trial. *See* Fed. R. Crim. P. 29.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Dismiss Indictment (Dkt. #286) and Motion for Severance (Dkt. #287) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of September, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE