| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 4:09-CR-194 |
| | § | |
| JAIME GONZALO CASTIBLANCO | § | |
| CABALCANTE (9); JULIO HERNANDO | § | |
| MOYA BUITRAGO (14); OSCAR | § | |
| ORLANDO BARRERA PINEDA (15); | § | |
| ROBERTH WILLIAM VILLEGAS | § | |
| ROJAS (22) | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been previously referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 28, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that the Joint Defense Motion to Dismiss (#752) be denied.

Defendants object to the Report and Recommendation by reiterating most of the arguments previously asserted in their motion to dismiss. In a novel argument, however, Defendants contend that the order of events in this case render venue improper in the Eastern District of Texas. Specifically, Defendants assert venue is improper in the Eastern District of Texas because, at the time the indictment was returned, Defendants had not yet been extradited to the United States. Stated differently, Defendants complain that because they were indicted before they entered the United States, venue necessarily did not exist under 21 U.S.C. § 959(c) at the time the indictment was filed. The crux of Defendants' argument is that the government engaged in improper forum shopping by indicting Defendants in the Eastern District of Texas, a district with no apparent

connection to the facts of this case. Defendants do not cite, and the court has been unable to unearth, any authority indicating that venue is improper under these circumstances. Indeed, at least one commentator has acknowledged that the venue provision of 18 U.S.C. § 3238 "permits the government to handpick its forum in the case of a person first found overseas, by picking the district to which it will return him." 2 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 304 (4th ed. 2009). Thus, dismissal on this ground is unwarranted.

Furthermore, the court agrees with the venue analysis of the Magistrate Judge as to both counts. Count one of the indictment charges Defendants with conspiracy to import cocaine and to manufacture and distribute cocaine intending and knowing that the cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. § 963. Venue is proper as to this count under § 3238 because Defendants were first brought to a district of the United States when they arrived in McKinney, Texas, in the Eastern District of Texas. *See* 18 U.S.C. § 3238 (stating that venue is proper in the district "in which the offender, or any one of two or more joint offenders,[1] is arrested or is first brought"). As to count two, manufacturing and distributing cocaine intending and knowing that the cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. § 959, each defendant first entered a judicial district of the United States when he arrived in McKinney, Texas.[2] Thus, venue is proper under § 959(c). *See* 21 U.S.C. § 959(c); *see also United States v. Ahumedo-Avendano*, 872 F.2d 367, 370 (11th Cir. 1989) (interpreting

---

[1] At least four co-defendants, Cristhian Vasquez Angel, Jairo Hernandez Rodriguez Beltran, Jorge Alberto Murcia Rodriguez, and Herman Federico Umbreit Urrutia, were taken directly to the Eastern District of Texas without previously landing in Guantanamo Bay, Cuba.

[2] The Court notes that Defendant Oscar Orlando Barrera Pineda, charged in count two of the indictment but not in count one, entered the United States at McKinney, Texas, after traveling from the Cayman Islands without first stopping in Guantanamo Bay.

2

a venue provision with language identical to that contained in § 959(c) to mean that venue is proper where a defendant first enters a judicial district in the United States).

The Court, having made a *de novo* review of Defendants' objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. It is accordingly

**ORDERED** that the Joint Defense Motion to Dismiss (#752) is **DENIED**.

SIGNED at Sherman, Texas, this 12th day of October, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE